IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT C. LIZARRAGA,                    No. CIV-S-01-1062 MCE/JFM P

    Petitioner,

  v.                                    ORDER

CHERYL K. PLILER, ET AL.,

    Respondents.
_____/

    Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 30, 2005, judgment was entered in this court denying the petition.  On November 4, 2005, petitioner filed a document styled "petition for issuance of a certificate of appealability."  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).[1]

---

[1] The document is file stamped November 7, 2005, but dated November 4, 2005.  The court uses the latter date as the filing date for purposes of timeliness requirements.  See Houston v. Lack, 487 U.S. 266 (1988).

1

1 Federal Rule of Appellate Procedure 22(b) requires the district
2 court judge who rendered a judgment denying such petition to
3 "either issue a certificate of probable cause or state the
4 reasons why such a certificate should not issue."
5      The timely filing of a notice of appeal is a jurisdictional
6 requirement.  Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.
7 1984).[2]  Here, the time limit for filing a notice of appeal
8 following entry of judgment is thirty days.  See Fed. R. App. P.
9 4(a).  Petitioner's petition for issuance of a certificate of
10 appealability was filed more than thirty days after entry of
11 judgment.
12      The United States Court of Appeals for the Ninth Circuit has
13 held that the issuance of a certificate of probable cause cannot
14 vest the court of appeals with jurisdiction if jurisdiction is
15 not proper in that court.  Hayward v. Britt, 572 F.2d 1324, 1325
16 (9th Cir. 1978).  The rationale of Hayward applies with equal
17 force to a certificate of appealability.  For these reasons, the
18 court declines to issue a certificate of appealability.
19      IT IS SO ORDERED.
20 DATED: December 1, 2005

---

[2] Petitioner has not filed a separate notice of appeal. The petition for issuance of a certificate of appealability can, however, be construed as a notice of appeal. See Fed. R. App. P. 3(c)(4); see also Tinsley v. Borg, 895 F.2d 520, 523 (9th Cir. 1990) (construing a request for a certificate of probable cause as a notice of appeal).

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE